UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS RAMIREZ CORDOBA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY<br>Respondents. | No. 1:26-cv-08267-DJC-AC<br><br>RELEASE ORDER<br><br>A# 216-643-001 |

Petitioner is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus. The Court has previously addressed the legal issues raised in the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK; *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD; *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD; *see also M.B. v. Noem*, 1:26-cv-00005-DJC-AC; *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC.

The Court directed Respondents to file a preliminary response based on the information in the Petition. (ECF No. 6.) Respondents concede that binding precedent establishes a statutory right to a bond hearing. (ECF No. 8.) But the Respondents' prior release of Petitioner creates a liberty interest that requires pre-deprivation notice and opportunity to be heard. Respondents also note Petitioner's

criminal history, but this consists of only one conviction from 2024, years prior to Petitioner's detention, and two older dismissed charges. Respondents do not satisfactorily explain why this justifies the failure to provide pre-deprivation notice and hearing.[1]

Accordingly, for the reasons stated the Court's prior decisions, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Jose Luis Ramirez Cordoba from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Respondents shall file a status report within five (5) days confirming Petitioner's release.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

---

[1] Respondents also note that Petitioner's custody status was subject to a "redetermination" prior to his re-detention. (ECF No. 8 at 2.) However, review of the documents provided by the Government show that this determination was simply made by a deportation officer. (*See* ECF No. 8 at 12.)

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE